Vicente Quilinchini, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada, y Guillermo Atiles Moréu, Administrador del Fondo del Estado, recurridos.

Núm. 283.—*Sometido:* Enero 10, 1944. *Resuelto:* Marzo 21, 1944.

*Virgilio Brunet,* abogado del recurrente; *A. de Jesús Matos,* abogado del Administrador del Fondo del Estado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Vicente Quilinchini fué patrono asegurado en el Fondo del Seguro del Estado durante- el año 1939–40, y antes del 15 de julio de 1940 radicó su planilla de jornales para el año 1940–41. El 4 de diciembre de 1940 el patrono recibió una comunicación del Fondo del Seguro del Estado conteniendo la liquidación final para el año 1939–40 y notificación de la prima fijada para el año 1940–41. La referida comunicación aparecía fechada el 12 de septiembre de 1940, y se-concedía en la misma al patrono hasta el 22 de septiembre de 1940 para verificar el pago de la prima correspondiente al primer semestre. Apesar de haber recibido el patrono la notificación el 4 de diciembre de 1940, y no obstante haber vencido el plazo de diez días que se le había concedido más de dos meses antes de recibir la mencionada notificación, el patrono no pagó ni verificó gestión alguna en el Fondo del Seguro del Estado hasta el 16 de diciembre de 1940, cuando pagó la prima correspondiente al primer semestre, después de haber ocurrido dos días antes un accidente del trabajo a uno de sus obreros.

El administrador del Fondo del Seguro del Estado declaró a Quilinchini patrono no asegurado desde el primero de julio hasta el 16 diciembre de 1940, por no haber verificado el pago dentro del término concedídole para hacerlo. Recurrió el patrono para ante la Comisión Industrial, y luego de una vista en la que fueron oídas las partes, la resolución del administrador fué confirmada. Instó entonces el patrono este procedimiento de revisión, alegando que como el plazo concedídole había vencido antes de que él recibiera la notificación, como cuestión de hecho el administrador no le había concedido plazo alguno, y que habiendo hecho el pago doce días después de notificado, su póliza debía considerarse vigente a partir del primero de julio de 1940.

Ya indicamos que el escrito de notificación estaba fechado el 12 de septiembre de 1940, y que en él se concedía al patrono, para pagar la prima del primer semestre, un plazo de diez días a vencer el 22 del mismo mes. Una persona razonable, dentro de las circunstancias en que se hallaba el patrono en este caso, hubiera hecho el pago inmediatamente después de haber recibido la notificación, o se hubiera comunicado rápidamente con el administrador para aclarar lo sucedido, especialmente cuando como declaró el patrono ante la Comisión, en el mes de septiembre de dicho año él había estado en las oficinas del Fondo del Seguro del Estado para averiguar cuándo habrían de expedirle la notificación, y asegurarse de que en el Fondo del Seguro del Estado había recibido oportunamente su planilla de jornales. Sin embargo, el patrono, pudiendo darse cuenta de que la intención del administrador era darle un plazo de diez días, que ya había vencido, no pagó la prima hasta doce días después de recibir la notificación, cuando dos días antes del pago había ocurrido el accidente de que se ha hecho mérito. Hubiera tenido una justificación el patrono quizás si el pago lo hubiera verificado dentro de un término razonable, probable-

mente dos o tres días después de haber recibido la notificación, pero no lo hizo, y dentro de las circunstancias no vemos razón legal alguna que justifique la revocación de la resolución recurrida, *por lo que procede su confirmación.*

El Juez Asociado Sr. Snyder no intervino.